UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WAGGEH OUSMAN,

                Petitioner,

v.

ELAINE DUKE, et al.,

                Respondents.

Case No. C17-1014-JLR-MAT

REPORT AND RECOMMENDATION

Petitioner, a native and citizen of the Republic of The Gambia, brought this 28 U.S.C. § 2241 immigration habeas action to obtain release from immigration detention and to stay his transfer from this judicial district. (Dkt. 1.) The court allowed his temporary transfer to Pennsylvania so he could be interviewed by officials from The Gambia regarding a travel document. (Dkt. 9.) The Government then moved to dismiss, arguing that he is not entitled to release because he is subject to an administratively final removal order and his detention is not indefinite within the meaning of *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). (Dkt. 10.) Petitioner did not respond.

On October 10, 2017, the Government informed the Court that petitioner was removed to The Gambia on or around October 3, 2017. (Dkt. 16.) The Government thus asserts that his habeas

REPORT AND RECOMMENDATION - 1

petition is moot. (*Id.*)

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "For a habeas petition to continue to present a live controversy after the petitioner's release or deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Because petitioner's habeas petition challenges only the length of his detention, his claims were fully resolved by his removal. *See id.* at 1065. Accordingly, there is no collateral consequence that could be redressed by the Court, and petitioner's habeas petition must be dismissed as moot. *See id.*

The Court recommends that petitioner's habeas petition be DENIED as moot, that the Government's motion to dismiss (Dkt. 10) be DENIED as moot, and that this action be DISMISSED without prejudice. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 27, 2017**.

Dated this 11th day of October, 2017.

						_____
						Mary Alice Theiler
						United States Magistrate Judge

REPORT AND RECOMMENDATION - 2